```
IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF IOWA
              WESTERN DIVISION
```

DAVID RAPOPORT,

        Plaintiff,                        **No. 02-CV-4068**

vs.                                          **ORDER**

JOHN MORRELL & CO.,

        Defendant.

_____

This matter is before this Court pursuant to defendant's Motion to Dismiss. Docket No. 4. This Court is persuaded that defendant's Motion to Dismiss should be **denied**.

**A.   Background**

Plaintiff was formerly employed by defendant. During his employment at John Morrell, plaintiff obviously had some problems with co-workers and/or management. On March 24, 2000, plaintiff filed a Complaint of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleged that the discrimination was based on his race. Plaintiff also described several incidents of alleged discrimination that took place in the workplace.

On May 23, 2000, the EEOC issued a "Dismissal and Notice of Rights" letter. The letter indicated that EEOC could not conclude whether or not John Morrell had violated any

statutes, but informed plaintiff that he had a right to sue John Morrell with regards to these allegations in state or federal court **"within 90 days"**. Plaintiff elected not to sue John Morrell regarding these allegations.

On November 10, 2000, plaintiff filed a second Complaint of Discrimination with the EEOC, alleging National Origin, Physical Disability, and Retaliation as the reasons that he was discriminated against. Plaintiff alleged that he was suspended and not re-hired because he had a worker's compensation claim pending against the company and he has physical disabilities caused by his work at John Morrell.

On June 15, 2001, the EEOC opportunity issued the exact same dismissal letter that informed plaintiff of his rights to sue in state or federal court **within 90 days** of the letter. Plaintiff did not file a lawsuit in state or federal court regarding those allegations.

On August 6, 2001, plaintiff filed a third Complaint of Discrimination, which he alleged retaliation as his basis for discrimination. In the body of this complaint, which is hard to read, plaintiff alleges that John Morrell has prevented plaintiff from keeping or getting jobs because plaintiff has

a claim against John Morrell.

On May 3, 2002, the EEOC issued another "Dismissal and Notice of Rights" letter, but this time indicated that they have "adopted the findings of the state or local agency that investigated this charge." This Court is unaware of the exact findings of the state or local agency, but is persuaded that it was unfavorable to the plaintiff since he received a dismissal letter. In any event, the letter also informed plaintiff that he had a right to sue regarding these allegations **"within 90 days"**.

This time, plaintiff decided to bring a cause of action against John Morrell in federal court. Plaintiff filed his pro se complaint in the form of a letter to this Court on August 1, 2002. Docket No. 1. This Court is persuaded that plaintiff filed this complaint within the 90 day time period.

**B. Motion to Dismiss**

Defendant argues that this complaint should be dismissed because the allegations argued in the type-written letter/complaint deal with the allegations that plaintiff contended in his first Complaint of Discrimination; therefore, the complaint should be dismissed because plaintiff is arguing

3

facts that he had set out in his previous complaints which are no longer available because there was no follow up by the plaintiff.

This Court is persuaded that this is not fatal to the plaintiff's case. This Court affords pro se plaintiffs some leniency and liberally construes the complaint. Furthermore, it is obvious from the long-hand complaint that plaintiff has some shortcomings with English. The Court recognizes that plaintiff did talk about his past employment problems with John Morrell in his complaint to this Court. However, plaintiff did attach his last dismissal letter from the EEOC so defendant was not in anyway surprised by the complaint and where it stems from. The original complaint papers have a check mark on the cover sheet showing that is a "retaliation" case. This is the case that he appealed.

This Court will note for the parties, that plaintiff will not be able to recover any award due to his past claims with the EEOC in this case. This Court is persuaded that those claims and issues are time-barred by the 90-day time limitation. See Brooks v. Ferguson-Florissant School Dist., 113 F.3d 903 (8th Cir. 1997) (holding a litigant that filed

suit in federal court 95 days after receiving notice of right to sue letter is time-barred).

However, this Court is not now deciding whether or not the parties will be prohibited from discussing the incidents that allegedly occurred in his first two complaints during trial.

**C.   Conclusion**

Based on the foregoing, this Court is persuaded that defendant's Motion to Dismiss is **denied** because plaintiff incorporated the EEOC denial letter by reference; defendant is in no way surprised by the new complaint; and plaintiff was a pro se litigant when he filed this suit.

**IT IS THEREFORE ORDERED** that Docket No. 4 is **denied**, and plaintiff is ordered to amend his complaint dealing only with the allegations complained of in his third charge of discrimination filed with the EEOC.

**IT IS SO ORDERED** this 22nd day of November, 2006.

                                                                              /s/ Donald E. O'Brien
                                    Donald E. O'Brien, Senior Judge
                                    United States District Court
                                    Northern District of Iowa